IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EDOUARD LATONNELLE,

          Plaintiff pro se,

   v.

CITIMORTGAGE, INC.,

          Defendant.

CIVIL ACTION FILE

NO. 1:10-CV-04066-TWT-WEJ

**FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on CitiMortgage's Motion for Judgment on the

Pleadings [7].  Plaintiff pro se, Edouard Latonnelle, filed this action on August 31,

2010, in the Superior Court of Douglas County, Georgia.  (Compl. [1-2].)  Defendant,

CitiMortgage, Inc. ("CitiMortgage"), removed the case to this Court on December 14,

2010, based on federal question and diversity jurisdiction.  (Notice of Removal [1].)

Plaintiff alleges violations of the Fair Debt Collection Practices Act ("FDCPA"),

15 U.S.C. § 1692 et seq., the Fair Credit Billing Act ("FCBA"), 15 U.S.C. 1601 et seq.,

the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., the Real Estate

Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., and the Racketeer

Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, via mail fraud

in violation of 18 U.S.C. § 1341.  (Compl. ¶¶ 13-15, 19, 40, 60-62, 66.)  Plaintiff also

alleges state law tort claims for wrongful foreclosure and fraud.  (Id. ¶¶ 1, 7-12, 33, 58, 65-69.)[1]  He requests that the Court "enter an Order denying Defendant's right to foreclose" on the property at issue, and seeks litigation expenses.  (Id. at 8.)

For the reasons discussed below, the undersigned **RECOMMENDS GRANTING** defendant's Motion for Judgment on the Pleadings.

## I.    ALLEGATIONS

On June 28, 2006, plaintiff obtained a mortgage loan on the property at issue for $181,650.00 from CitiMortgage's predecessor, Palladium Mortgage Corporation ("Palladium").  (Mot. J. Pleadings Ex. A [7-2] ("Note").)[2]  Plaintiff signed a

---

[1] Paragraph 66 of the Complaint states a laundry list of additional claims against defendant.  Those claims are vague, conclusory, and unsupported by plaintiff's factual allegations.  Because those claims fail to allege facts sufficient to state a plausible claim, the undersigned **RECOMMENDS** that they be **DISMISSED**.  See Bell Atl. Corp. v. Twombly, 550 U.S. 555-58 (2007) (holding that the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level," and be sufficient to state a claim for "relief that is plausible on its face.")

[2] The Complaint repeatedly refers to the Note and associated Security Deed and alleges that defendant has no legal right to the property; thus, those documents and the "Transfer and Assignment" of the property are central to plaintiff's claims.  Moreover, plaintiff does not dispute the validity of those documents in his response [12] to the instant Motion.  Therefore, the Court may consider those documents as part of the pleadings.  See Daewoo Motor Am., Inc. v. Gen. Motors, 459 F.3d 1249, 1266 n.11 (11th Cir.2006) ("[A] document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [a court] may consider such a document if that

AO 72A
(Rev.8/82)

promissory Note in favor of Palladium, and signed a Security Deed (filed on July 12, 2006) in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Palladium and its successors and assigns.  (Id. Ex. B [7-3] ("Security Deed").)

On January 19, 2010, plaintiff sent a letter addressed to Palladium and CitiMortgage (mailed to 1000 Technology Drive, O'Fallen, Missouri) alleging irregularities in the closing documents associated with the Note and disputing the validity of the balance owed on the debt and defendant's "demand for payment." (Compl. Ex. A [1-2], at 10-11.)  On that same date, plaintiff also sent Palladium and CitiMortgage a document titled "Qualified Written Request, Complaint, Dispute of Debt and Validation of Debt Letter, TILA Request."  (Id. Ex. B. [1-2], at 12.)

On January 20, 2010, plaintiff sent a letter to Palladium and CitiMortgage (at the above address) stating that he accepted their "offer to foreclose" and would repay the debt in full if Palladium produced the original Note.  (Compl. Ex. D [1-3].)  That letter purported to be a "self-executing contract" by which defendant agreed to produce the original Note if plaintiff placed the balance of his debt ($181,650.00) in an escrow

_____

document is central to the plaintiff's claims.").

account, and agreed to pay plaintiff treble damages and admit to fraud if it failed to produce the Note.  (Id.)

On March 19, 2010, plaintiff mailed defendant a notarized "Affidavit of Non-Response Commercial Oath and Verification," allegedly documenting plaintiff's payment of his debt to CitiMortgage into an escrow account and referring to his prior letter as a "self-executing contract" to settle his mortgage debt.  (Compl. Ex. C [1-3].)

On April 21, 2010, plaintiff mailed defendant a "Notice of Right to Cancel" attmepting to rescind the Note pursuant to TILA.  (Compl. Ex. E [1-3].)

On July 12, 2010, MERS assigned the Note and Security Deed to CitiMortgage. (Mot. J. Pleadings  Ex. C [7-4] ("Transfer and Assignment").)

Defendant scheduled to sell the secured property on September 7, 2010, in a non-judicial foreclosure without providing plaintiff thirty days notice.  (Compl. ¶¶ 9-11.)  On August 31, 2010, plaintiff filed the Complaint in the Superior Court of Douglas County, Georgia, in an attempt to stop defendant's scheduled foreclosure of the property at issue.  (Compl.)

4

## II.   **GOVERNING LEGAL STANDARD**

The legal standards applicable to Federal Rule of Civil Procedure 12(c) motions for judgment on the pleadings and Rule 12(b)(6) motions to dismiss are the same. Roma Outdoor Creations, Inc. v. City of Cumming, Ga., 558 F. Supp. 2d 1283, 1284 (N.D. Ga. 2008).  A motion for judgment on the pleadings, like a motion to dismiss, does not test whether the plaintiff will ultimately prevail on the merits of the case. Rather, it tests the legal sufficiency of the complaint.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Therefore, the Court must accept as true all facts alleged in the Complaint and construe all reasonable inferences in the light most favorable to plaintiff.  Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002).  The Court, however, need not accept the Complaint's legal conclusions as true, only its well-pled facts.  Ashcroft v. Iqbal, 556 U.S. _, 129 S. Ct. 1937, 1949-50 (2009).  Further, "[i]n evaluating the sufficiency of a plaintiff's pleadings, [courts] make reasonable inferences in Plaintiff's favor, 'but [courts] are not required to draw plaintiff's inference.'"  Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citation omitted).  "'[U]nwarranted deductions of fact' in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations."  Id. (internal quotations and citation omitted)

5

In <u>Bell Atlantic Corp. v. Twombly</u>, the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6) (and by extension, a motion under Rule 12(c)).  <u>See generally</u> <u>Twombly</u>, 550 U.S. 544.  The Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Id.</u> at 555 (internal citations and punctuation omitted).  The <u>Twombly</u> Court further stated that while there was no probability requirement at the pleading stage, <u>id.</u> at 556, "something beyond . . . mere possibility . . . must be alleged."  <u>Id.</u> at 557-58.  Therefore, the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level," <u>id.</u> at 555, and sufficient to state a claim for "relief that is plausible on its face."  <u>Id.</u> at 570.

III. <u>DISCUSSION</u>

A. <u>FDCPA and FCBA Claims</u>

Plaintiff alleges that defendant violated the FDCPA and FCBA by failing to respond to a debt validation letter regarding the Note.  (Compl. ¶¶ 13-14, 66.)

6

Congress enacted the FDCPA, in part, to stop abusive debt collection practices. 15 U.S.C. § 1692(e). Under the FDCPA, if a consumer notifies a debt collector in writing that she disputes the debt, the collector must cease its efforts until it verifies the debt and mails a copy of the verification to the consumer. Id. § 1692g(b). However, enforcement of a security interest through foreclosure does not qualify as debt collection for purposes of § 1692g. Warren v. Countrywide Home Loans, Inc., 342 F. App'x 458, 460-61 (11th Cir. 2009) (per curiam). Similarly, the FCBA generally is not applicable to mortgage loans because it only applies to creditors offering open-end credit plans, such as credit cards. Hennington v. Bank of Am., No. 1:10-CV-1350-WSD, 2011 WL 705173, at *3 (Feb. 18, 2011).

Because plaintiff cannot state claims under the FDCPA and FCBA against defendant based on the foreclosure and mortgage loan at issue, the undersigned **RECOMMENDS** that defendant's Motion be **GRANTED** as to those claims.

### B.    TILA Claim

Plaintiff appears to seek rescission of the mortgage loan under TIILA. (Compl. ¶¶ 15, 40, 60, 66.)

Section 1635(a) of TILA gives borrowers three days to rescind a transaction where a lender takes a nonpurchase-money security interest in a person's principal

7

dwelling.  15 U.S.C. § 1635(a).  That period may be extended to three years if the creditor fails to comply with its TILA obligations.  Id. § 1635(f).  Additionally, any action for damages under TILA must be brought "within one year from the date of the occurrence of the violation," i.e., when the transaction is consummated.  Id. § 1640(e); see also Smith v. Am. Fin. Sys., Inc., 737 F.2d 1549, 1552 (11th Cir. 1984).

Plaintiff's TILA rescission claim, as well as any claim for damages under that statute, is time-barred because more than three years lapsed between the date he entered into the mortgage loan at issue (June 28, 2006) and his rescission request (January 19, 2010).  Thus, the undersigned **RECOMMENDS** that defendant's Motion be **GRANTED** as to plaintiff's TILA claim.

### C.    RESPA Claim

Plaintiff alleges that, by failing to respond to his request for information relating to the Note, defendant violated RESPA, thereby breaching its fiduciary duty to him. (Compl. ¶¶ 13, 15, 19, 66.)

Upon receipt of a qualified written request for loan servicing information from a borrower, RESPA requires a loan servicer to "provide a written response acknowledging receipt of the correspondence within 20 days," and provide the borrower with the applicable written explanation within sixty days–i.e, make

8

appropriate corrections to the account, provide a written explanation as to why the servicer believes the account is correct, or provide a written explanation as to why the information requested in unavailable.  12 U.S.C. §§ 2605(e)(1)(A), (e)(2)(A)-(C). However, "the statute require[s] proof of the actual receipt of the letter before a duty to respond arises." McLean v. GMAC Mortg. Corp., No. 06-22795-CIV, 2008 WL 5246149, at *3 (S.D. Fla. Dec. 16, 2008).  Additionally, RESPA provides for actual monetary damages resulting from the servicer's failure to comply with the above section and, in the case of a pattern or practice of noncompliance, "additional damages, as the court may allow, . . . not to exceed $1,000."  12 U.S.C. § 2605(f)(1)(A)-(B).

Assuming plaintiff's correspondence constitutes a qualified written request, he does not allege that defendant actually received that request, or that he mailed it to the proper address. See Malally v. BAC Home Loan Servicing, LLC., No. 3:10-CV-0074-JTC-JFK, 2010 WL 5140626,  at *8 (Oct. 8, 2010) ("Consistent with [the statute's] plain language, numerous courts have dismissed a borrower's RESPA claim where the borrower failed to communicate directly with the servicer of the loan.") (internal quotations and citations omitted).  Rather, defendant shows that a September 5, 2006, servicing transfer notice to plaintiff informed him that all qualified written requests must be mailed to P.O. Box 9442, Gaithersburg, Maryland (Mot. J. Pleadings Ex. D

9

[7-5]),[3] as opposed to the Missouri address where plaintiff mailed the request attached to the Complaint.  Thus, defendant's obligation to respond pursuant to § 2605(e) of RESPA was never triggered.  Moreover, plaintiff does not allege that he suffered actual monetary damage as a result of defendant's alleged failure to respond, or that defendant engaged in a pattern or practice of violating § 2605.  Additionally, the Court is unaware of any fiduciary duty created between plaintiff and defendant by RESPA, or by the mortgage transaction generally.  See Martin v. CitiMortgage, Inc., No. 1:09-cv-03410-JOF, 2010 WL 1780076, at *3 (May 4, 2010) (observing that breach of fiduciary duty claim may not be pursued under RESPA and interpreting plaintiff's claim as state law breach of contract claim); Pardue v. Banks First Fed. Sav. & Loan Ass'n, 334 S.E.2d 926, 927 (1985) (holding that there is no confidential relationship between lender and borrower).  Thus, the undersigned **RECOMMENDS** that defendant's Motion be **GRANTED** as to plaintiff's RESPA claim and his assertion that defendant breached a fiduciary duty to him under RESPA or state law.

---

[3] The Complaint repeatedly refers to plaintiff's Qualified Written Request and alleges that defendant failed to respond to that document.  Thus, the defendant's servicing transfer notice is central to plaintiff's claims.  Plaintiff does not dispute the validity of that document in his response.  Therefore, the Court may consider that document as part of the pleadings.  See Daewoo Motor Am., Inc., 459 F.3d at 1266 n.11.

10

### D.   RICO Claim

Plaintiff alleges that, by not responding to his letters, defendant tacitly agreed that any attempts to foreclose on the property at issue would violate RICO and constitute mail fraud.  (Compl. ¶¶ 61, 66.)

Plaintiff's contention is nonsensical.  The unanswered "self-executing" letters to which plaintiff refers do not constitute valid contracts with defendant.  See O.C.G.A. § 13-3-1 ("To constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate.")  Moreover, those documents provide no basis for his RICO and mail fraud claims, nor does the Complaint allege sufficient facts to support such claims.  See Rogers v. Nacchio, 241 F. App'x 602, 607-08 (11th Cir. 2007) (requiring complaint alleging civil liability under RICO predicated on fraud to set forth precisely what fraudulent statements or omissions were made, time and place of each, person responsible for the same, content of such statements and manner in which they were misleading, and what defendants obtained as consequence of alleged fraud).  Thus, the undersigned **RECOMMENDS** that defendant's Motion be **GRANTED** as to plaintiff's RICO claim.

11

**E.**      <u>**Wrongful Foreclosure Claim**</u>

Plaintiff argues that standing to foreclose requires possession or transfer of the Note and the Security Deed, and contends that CitiMortgage cannot foreclose on the property because it failed to produce the original Note with a "power of sale" clause, as requested in his letters, and failed to provide him adequate notice prior to scheduling the sale.  (Compl. ¶¶ 1, 7-12, 33, 58, 65-69.)

Georgia law does not require a foreclosing lender to produce the original note or security deed for inspection prior to a non-judicial foreclosure sale, such as the one at issue.  <u>See</u> <u>Watkins v. Beneficial, HSBC Mortg.</u>, No. 1:10-CV-1999-TWT-RGV, 2010 WL 4319989, at *4 (N.D. Ga. Sept. 2, 2010) (collecting cases).   Rather, O.C.G.A. § 23-2-114 permits, <u>inter alia</u>, the holder and assignee of a security deed to exercise any power of sale therein  regardless of whether the instrument also conveys title to the property.  O.C.G.A. § 23-2-114.  Thus, the nominee of the lender has the ability to foreclose on a debtor's property regardless of whether the nominee has a beneficial interest in the note secured by the property.  <u>Nicholson v. OneWest Bank</u>, No. 1:10-CV-0795-JEC/AJB, 2010 WL 2732325, at *4 (N.D. Ga. Apr. 20, 2010) (summarizing Georgia case law); <u>see also</u> <u>Trent v. Mortg. Elec. Registration Sys., Inc.</u>, 288 F. App'x 571, 572 (11th Cir. 2008) (per curiam) (even if MERS was improperly

12

identified as "creditor," it had legal right to foreclose on property pursuant to the mortgage agreements).   Here, as evidenced by the "Transfer and Assignment," CitiMortgage possessed both the Note and Security Deed.  (Mot. J. Pleadings Ex. C.) Additionally, the Security Deed, which MERS transferred and assigned to CitiMortgage, granted MERS and its assigns the power to sell the property securing the Note in the event of default.  (Id. Ex. B.)  Notably, plaintiff does not claim that his payments on the Note were current or dispute that he was in default.  (See generally Compl.)

Likewise, the Complaint does not allege sufficient facts to set forth a wrongful foreclosure claim for improper notice pursuant to O.C.G.A. § 44-14-162.2.  The requirement that a secured creditor provide the debtor with thirty days notice prior to the proposed foreclosure only applies to properties used as a dwelling place by the debtor at the time the parties entered into the mortgage or security deed.  See O.C.G.A. § 44-14-162.3.  Plaintiff fails to allege that the property was his dwelling place when he executed the Note or Security Deed, and that fact is not apparent on the face of those documents.  (See generally Compl.; Mot. J. Pleadings Exs. A&B.)  Moreover, plaintiff does not allege that defendant has actually foreclosed upon the property at issue; thus, plaintiff's wrongful foreclosure claim based upon ineffective notice is not

13

ripe.  See Watkins, 2010 WL 4318898, at *5 (holding that plaintiff could not prove a claim for wrongful foreclosure because defendant had not yet proceeded with that action); Roylston v. Bank of Am., N.A., 660 S.E.2d 412, 417 (Ga. Ct. App. 2008) ("Where a foreclosing creditor fails to comply with the statutory duty to provide notice of sale to the debtor in accordance with O.C.G.A. § 44-14-162 et seq., the debtor may either seek to set aside the foreclosure or sue for damages for the tort of wrongful foreclosure").  Thus, the undersigned **RECOMMENDS** that defendant's Motion be **GRANTED** as to plaintiff's wrongful foreclosure claim.

### F.     Fraud Claim

Plaintiff alleges that defendant committed fraud by failing to respond to his document requests.  (Compl. ¶¶ 33, 62.)

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b); WESI, LLC v. Compass Envtl., Inc., 509 F. Supp. 2d 1353, 1358 (N.D. Ga. 2007) ("Rule 9(b) requires plaintiffs in a fraud case to specify the who, what, where, when, why, and how of the alleged fraud.").  To prevail on a fraud claim under Georgia law, a plaintiff must prove the following five elements: (1) a false representation by a defendant, (2) scienter, (3) intention to induce the plaintiff to act or refrain from acting, (4) justifiable

14

reliance by the plaintiff, (5) and damage to the plaintiff.  <u>Johnston v. Correale</u>, 612 S.E.2d 829, 832 (Ga. App. 2005).

Plaintiff's fraud claim fails as is based on a faulty premise–that defendant was required to respond to his requests. As discussed <u>supra</u> Part III.E, CitiMortgage was not required to produce the original Note to initiate foreclosure proceedings.  Likewise, for the reasons set forth <u>supra</u> Parts III.A-C, plaintiff's fraud claim cannot survive on the premise that defendant failed to respond to his debt validation letters (the FDCPA and FCBA do not apply to mortgage loans), failed to respond to his belated request for rescission (made well beyond TILA's three-year state of limitations), or failed to respond to his purported Qualified Written Request pursuant to RESPA (which plaintiff apparently failed to serve upon defendant).  Additionally, the Complaint fails to set forth a state law fraud claim with particularity.  The does not allege specific acts, the actors, when the acts occurred, or the circumstances of any alleged fraud.  (<u>See generally</u> Compl.)  Thus, the undersigned **RECOMMENDS** that defendant's Motion be **GRANTED** as to plaintiff's fraud claim.

15

IV.   **CONCLUSION**

For the reasons set forth above, the undersigned **RECOMMENDS** that

Citimortgage's Motion for Judgment on the Pleadings [7] be **GRANTED** and that this

action be **DISMISSED**.

**SO RECOMMENDED** this 22nd day of August, 2011.


_Walter E. Johnson_
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

16

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EDOUARD LATONNELLE,

         Plaintiff pro se,

   v.

CITIMORTGAGE, INC.,

         Defendant.

CIVIL ACTION FILE

NO. 1:10-CV-04066-TWT-WEJ

## ORDER FOR SERVICE OF
## FINAL REPORT AND RECOMMENDATION

Let this Final Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and the Court's Local Rule 72.1B, be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Final Report and Recommendation within fourteen (14) days of the receipt of this Order. Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review

by the District Court.  If no objections are filed, the Final Report and Recommendation may be adopted as the opinion and order of the District Court, and any appellate review of factual findings will be limited to a plain error review.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

The Clerk is directed to submit the Final Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED**, this 22nd day of August, 2011.


WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

2